852

**PEARSALL v. McNEIL MOTORS, Inc.**

**No. 1340.**

Municipal Court of Appeals for the District of Columbia.

Argued May 4, 1953.

Decided May 21, 1953.

Branko Stupar, Washington, D. C., for appellant.

Leonard Kaplan, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

McNeil Motors sued on a check given by defendant for the cost of repairing his automobile. Defendant filed a counterclaim demanding damages for breach of contract. Defendant did not deny that the work was performed in a satisfactory manner. He alleged, however, that the plaintiff had agreed that the value of the repair work was to constitute an allowance on the purchase price of a new automobile. There was a trial without a jury, resulting in judgment against defendant on the complaint and on the counterclaim. Defendant appeals.

The evidence clearly established that at the time defendant authorized the repairs the parties had discussed a new automobile only in the most general terms. They had reached no agreement concerning the purchase of a new car. Defendant's own testimony was that he left his car with plaintiff to be repaired, in the "hope" that after repairs he "would get a greater allowance" on a new car. The required repairs were more extensive than was first thought necessary but defendant authorized the additional work. (The repair bill subsequently proved to be $151.02.) Several days later defendant discussed the purchase of a new car with plaintiff's sales manager and a salesman. The general purport of the testimony including that of defendant was that it was first thought (based on defendant's own statement) that the repair bill would be no more than $90 and that a tentative arrangement was made to allow defendant that amount on the purchase of a new car. Defendant signed a purchase order which was held by the salesman pending payment of the repair bill. The salesman wrote on defendant's copy of the order that the repair bill was to be allowed but the amount of the allowance was not stated. When plaintiff's sales manager learned that the repair bill was so much higher than the $90 first estimated to him by defendant he refused to allow the increased amount and

refused to sign an acceptance of the purchase order for the new car. That paper, though it stated that the repair bill was to be allowed, also clearly stated it was not valid unless signed and accepted by the dealer. Not being able to come to an understanding, defendant left and stopped payment on the check which he had given in payment of the repair bill.

Studying the evidence in a light most favorable to defendant it seems clear that there was never any agreement between the parties that defendant would buy a new car and plaintiff would allow the full amount of the repair bill on the purchase price, or that there was any contract at all for the purchase of a new car. The only contract was one for repairs to defendant's car, separate and distinct from any new car deal, and that was arrived at *before* the discussion of the allowance was had. That being the only consideration for the check, and that consideration having been performed, the trial judge was correct in requiring defendant to honor the check. He also ruled correctly in denying recovery on the counterclaim, for it depended on the same evidence as the defense to the check. Moreover defendant made no attempt to prove any loss or damage in support of the counterclaim.

Affirmed.